IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 113,191

In the Matter of JAMES A. CLINE,
*Respondent*.

ORIGINAL PROCEEDING IN DISCIPLINE

Original proceeding in discipline. Opinion filed June 12, 2015. Indefinite suspension.

*Stanton A. Hazlett*, Disciplinary Administrator, argued the cause and was on the formal complaint for the petitioner.

*Stephen W. Cavanaugh*, of Cavanaugh & Lemon, P.A., of Topeka, argued the cause, and *James A. Cline*, respondent, argued the cause pro se.

*Per Curiam*: This is an original proceeding in discipline filed by the office of the Disciplinary Administrator against the respondent, James A. Cline, of Wichita, an attorney admitted to the practice of law in Kansas in 1990.

On July 2, 2014, the office of the Disciplinary Administrator filed a formal complaint against the respondent alleging violations of the Kansas Rules of Professional Conduct (KRPC). The respondent filed an answer on July 30, 2014. Respondent also entered into a stipulation regarding rule violations. A consolidated hearing was held on the complaint before a panel of the Kansas Board for Discipline of Attorneys on September 17, 2014, where the respondent was personally present and was represented by counsel. The hearing panel determined that respondent violated KRPC 1.4(a) (2014 Kan. Ct. R. Annot. 495) (communication); and 8.4(d) (2014 Kan. Ct. R. Annot. 680)

1

(engaging in conduct prejudicial to the administration of justice). Respondent entered into stipulations regarding the rule violations.

Upon conclusion of the hearing, the panel made the following findings of fact and conclusions of law, together with its recommendation to this court:

"*Findings of Fact*

. . . .

"8.      Shortly after experiencing a work-related injury which occurred in Butler County, Kansas, in March, 2008, S.D.D. retained the respondent to represent her in a personal injury case and a workers' compensation case. S.D.D. and the respondent entered into written fee contracts, memorializing the parties' agreements.

"9.      On October 9, 2009, the Kansas Supreme Court suspended the respondent's license to practice law.

"10.      During the period of suspension, Render Kamas law firm employed the respondent as a law clerk. At the time of his suspension, the respondent encouraged S.D.D. to retain Render Kamas to represent her. S.D.D. took the respondent's advice and on October 30, 2009, S.D.D. entered written fee agreements with Render Kamas. Larry D. Ehrlich represented S.D.D. in the personal injury case and Mel Gregory represented S.D.D. in the workers' compensation case.

"11.      On March 10, 2010, the day before the statute of limitations expired, Mr. Ehrlich filed a petition in the personal injury case on behalf of S.D.D. In a telephone conversation between the adjustor and the respondent, the adjustor from the defendant's insurance carrier told the respondent that the carrier would pay policy limits and that obtaining service on the defendant was not necessary. Mr. Ehrlich did not inform S.D.D. of the adjustor's statement that serving the defendant was not necessary.

2

"12.    Mr. Ehrlich took no steps to obtain service of process on the defendant. On July 10, 2010, S.D.D.'s personal injury claim became time barred because of the failure to obtain service of process on the defendant. Mr. Ehrlich failed to inform S.D.D. that the personal injury case was time barred for failure to obtain service on the defendant.

"13.    After the personal injury case was time barred, in March, 2011, Mr. Ehrlich asked the court for additional time to settle the case. The court granted additional time, but notified Mr. Ehrlich that the case would be dismissed in July, 2011, if no other action occurred.

"14.    In June, 2011, the respondent sought reinstatement of his license to practice law. On June 25, 2011, the Kansas Supreme Court reinstated the respondent's license to practice law. After the respondent's license was reinstated, S.D.D. believed that Mr. Ehrlich and the respondent represented her in the personal injury case and that Mr. Gregory and Mr. Cline represented her in the workers' compensation case.

"15.    In late 2011 or early 2012, the adjustor with whom the respondent had the telephone conversation left the employment of the defendant's insurance carrier.

"16.    On August 7, 2012, the court held a hearing in Butler County District Court. During that hearing, the court dismissed S.D.D.'s personal injury suit. The court memorialized the dismissal in a journal entry, signed by the respondent, and filed by the court on August 13, 2012.

"17.    On August 9, 2012, at a hearing in the workers' compensation case, S.D.D. testified that she did not know the status of the personal injury case but believed that it was still being litigated.

"18.    In May 2013, the court issued the award in the workers' compensation case. Shortly thereafter, S.D.D. frequently called the respondent's office inquiring when the award would be distributed.

"19.     On July 9, 2013, S.D.D. called the respondent's office and spoke with his assistant. S.D.D. told the respondent's assistant that the respondent was to have filed a demand for compensation. The respondent's assistant reviewed the file and determined that the demand had not been filed. That same day, Mr. Ehrlich executed a demand for compensation on behalf of S.D.D.

"20.     Because S.D.D. had not received the workers' compensation award, on July 30, 2013, the respondent filed an application for penalties and sanctions on behalf of S.D.D.

"21.     On August 9, 2013, S.D.D. spoke by telephone with the respondent. During the telephone conversation, the respondent informed S.D.D. that a hearing was scheduled on the demand for compensation and application for penalties and sanctions for August 22, 2013. The respondent's statement that a hearing was scheduled on the demand for compensation and application for penalties and sanctions for August 22, 2013, was false.

"22.     On August 12, 2013, S.D.D. sent the respondent a letter, by certified delivery. In the letter, S.D.D. requested a copy of the document scheduling the demand for hearing, asked whether she was required to be present during the hearing, and informed the respondent that she wished to be present during the hearing.

"23.     On August 15, 2013, or August 16, 2013, S.D.D. again spoke by telephone with the respondent. During the telephone conversation, the respondent told S.D.D. that the hearing on August 22, 2013, was scheduled for 9:00 a.m., in the State Office Building, 7th Floor. The respondent told S.D.D. that she did not need to be present during the hearing.

"24.     On August 22, 2013, S.D.D. and her husband went to the Workers' Compensation Office at the State Office Building, 7th Floor. When S.D.D. and her husband arrived, they were informed that her case was not scheduled to be heard that day. The workers' compensation judge directed S.D.D. to call Render Kamas. S.D.D. called Render Kamas and spoke with the respondent's assistant. The respondent's assistant

4

directed S.D.D. and her husband to come to the law office as there were certain issues with her case.

"25.    S.D.D. and her husband went to Render Kamas and met with the respondent and Mr. Ehrlich. During the meeting, the respondent admitted that he lied to S.D.D. when he told her a hearing was scheduled on the demand and application. Also, during the meeting, S.D.D. learned for the first time that the personal injury case had been dismissed 2 years earlier for failure to obtain service on the defendant.

"*Conclusions of Law*

"26.    Based upon the parties' stipulation as well as the above findings of fact, the hearing panel concludes as a matter of law that the respondent violated KRPC 1.4 and KRPC 8.4(d), as detailed below.

"KRPC 1.4

"27.    KRPC 1.4(a) provides that '[a] lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.' The respondent knew in July, 2010, that S.D.D.'s personal injury case was time barred. In August, 2012, following the respondent's reinstatement to the practice of law, the respondent attended a hearing where the court dismissed S.D.D.'s personal injury case. The respondent did not advise S.D.D. that the case had been dismissed until August 22, 2013. As such, the hearing panel concludes that the respondent violated KRPC 1.4(a) when he failed to provide S.D.D. with information necessary to keep her reasonably informed regarding the status of the representation.

"KRPC 8.4(d)

"28.    'It is professional misconduct for a lawyer to . . . engage in conduct that is prejudicial to the administration of justice.' KRPC 8.4(d). The respondent engaged in conduct that was prejudicial to the administration of justice when he falsely informed S.D.D. that a hearing had been scheduled on the demand for compensation and civil

5

penalties for August 22, 2013. Further, the respondent compounded his conduct by attempting to conceal his dishonest conduct by informing S.D.D. that she did not need to attend the (fictional) hearing. The respondent's dishonest conduct was prejudicial to the administration of justice. Accordingly, the hearing panel concludes that the respondent violated KRPC 8.4(d).

"*American Bar Association*
*Standards for Imposing Lawyer Sanctions*

"29.     In making this recommendation for discipline, the hearing panel considered the factors outlined by the American Bar Association in its Standards for Imposing Lawyer Sanctions (hereinafter 'Standards'). Pursuant to Standard 3, the factors to be considered are the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors.

"30.     *Duty Violated*.  The respondent violated his duty to his client to provide reasonable communication. The respondent also violated his duty to the public to maintain his personal integrity.

"31.     *Mental State*.  The respondent knowingly violated his duties.

"32.     *Injury*.  As a result of the respondent's misconduct, the respondent caused actual injury to S.D.D.

"Aggravating and Mitigating Factors

"33.     Aggravating circumstances are any considerations or factors that may justify an increase in the degree of discipline to be imposed. In reaching its recommendation for discipline, the hearing panel, in this case, found the following aggravating factors present:

6

"34.     *Prior Disciplinary Offenses*.  The respondent has been previously disciplined on two occasions.

"35.     On April 1, 2008, the respondent entered into the attorney diversion program for having violated KRPC 1.2, KRPC 1.7, and KRPC 1.16. The respondent successfully completed the diversion. Pursuant to Kan. Sup. Ct. R. 203(d), prior participation in the attorney diversion program constitutes prior discipline.

"36.     On October 9, 2009, the Kansas Supreme Court suspended the respondent from the practice of law for a period of three years for having violated KRPC 1.1, KRPC 1.2, KRPC 1.3, KRPC 1.4(a), KRPC 1.8(e), KRPC 1.8(h)(2), KRPC 1.16(d), KRPC 5.3, KRPC 8.3(a), and KRPC 8.4(c). The respondent petitioned the Kansas Supreme Court for early reinstatement on June 10, 2011. On June 22, 2011, the Court granted the respondent's petition for reinstatement.

"37.     *Dishonest or Selfish Motive*.  The respondent's misconduct in this case was motivated by dishonesty and selfishness. The respondent provided false information to S.D.D. to avoid disclosing that he had failed to schedule the demand and application for hearing. Accordingly, the hearing panel concludes that the respondent's misconduct was motivated by dishonesty.

"38.     *A Pattern of Misconduct*.  On two occasions, the respondent provided false information to S.D.D. Thus, the hearing panel concludes that the respondent has engaged in a pattern of misconduct. Further, the misconduct in this case is substantially similar to the misconduct which gave rise to the suspension of the respondent's license to practice law in 2009.

"39.     *Vulnerability of Victim*. S.D.D. was vulnerable to the respondent's misconduct. She trusted the respondent to properly represent her and the respondent failed to do so.

7

"40.    *Substantial Experience in the Practice of Law*.  The Kansas Supreme Court admitted the respondent to practice law in the State of Kansas in 1990. At the time of the misconduct, the respondent had been practicing law for more than 20 years.

"41.    Mitigating circumstances are any considerations or factors that may justify a reduction in the degree of discipline to be imposed. In reaching its recommendation for discipline, the hearing panel, in this case, found the following mitigating circumstances present:

"42.    *Personal or Emotional Problems if Such Misfortunes Have Contributed to Violation of the Kansas Rules of Professional Conduct*.  The respondent suffers from depression and has for years. It is clear that the respondent's depression contributed to his misconduct.

"43.    *The Present and Past Attitude of the Attorney as Shown by His or Her Cooperation During the Hearing and His or Her Full and Free Acknowledgment of the Transgressions.*  The respondent fully cooperated with the disciplinary process. Additionally, the respondent admitted the facts and rule violations.

"44.    *Previous Good Character and Reputation in the Community Including Any Letters from Clients, Friends and Lawyers in Support of the Character and General Reputation of the Attorney*.  The respondent is an active and productive member of the bar of Wichita, Kansas. The respondent also enjoys the respect of his peers and generally possesses a good character and reputation as evidenced by two letters received by the hearing panel.

"45.    *Remorse*.  At the hearing on this matter, the respondent expressed genuine remorse for having engaged in the misconduct.

"46.    *Remoteness of Prior Offenses.*  The misconduct which gave rise to the respondent's participation in the attorney diversion program is remote in character to the misconduct in this case.

"47.    In addition to the above-cited factors, the hearing panel has thoroughly examined and considered the following Standards:

'4.42    Suspension is generally appropriate when:

(a)    a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client; or

(b)    a lawyer engages in a pattern of neglect and causes injury or potential injury to a client.

'4.62    Suspension is generally appropriate when a lawyer knowingly deceives a client, and causes injury or potential injury to the client.

'8.1    Disbarment is generally appropriate when a lawyer:

. . . .

(b)    has been suspended for the same or similar misconduct, and intentionally or knowingly engages in further acts of misconduct that cause injury or potential injury to a client, the public, the legal system, or the profession.'

"*Recommendation*

"48.    The disciplinary administrator recommended that the respondent be suspended from the practice of law for an indefinite period of time. The respondent recommended that the hearing panel recommend that he be suspended from the practice of law for a period of two years.

9

"49.     Accordingly, based upon the stipulation, the findings of fact, the conclusions of law, and the Standards listed above, the hearing panel unanimously recommends that the respondent be indefinitely suspended from the practice of law.

"50.     Costs are assessed against the respondent in an amount to be certified by the Office of the Disciplinary Administrator."

## DISCUSSION

In a disciplinary proceeding, this court considers the evidence, the findings of the disciplinary panel, and the arguments of the parties and determines whether violations of KRPC exist and, if they do, what discipline should be imposed. Attorney misconduct must be established by clear and convincing evidence. *In re Foster*, 292 Kan. 940, 945, 258 P.3d 375 (2011); see Supreme Court Rule 211(f) (2014 Kan. Ct. R. Annot. 363). Clear and convincing evidence is "'evidence that causes the factfinder to believe that "the truth of the facts asserted is highly probable."'" *In re Lober*, 288 Kan. 498, 505, 204 P.3d 610 (2009) (quoting *In re Dennis*, 286 Kan. 708, 725, 188 P.3d 1 [2008]).

Respondent was given adequate notice of the formal complaint, to which he filed an answer, and adequate notice of the hearing before the panel and the hearing before this court. The respondent did not file exceptions to the hearing panel's final hearing reports. As such, the findings of fact are deemed admitted. Supreme Court Rule 212(c) and (d) (2014 Kan. Ct. R. Annot. 383).

The evidence before the hearing panel establishes by clear and convincing evidence the charged misconduct violated KRPC 1.4(a) (2014 Kan. Ct. R. Annot. 495) (communication); and 8.4(d) (2014 Kan. Ct. R. Annot. 680) (engaging in conduct

10

prejudicial to the administration of justice), and it supports the panel's conclusions of law. We adopt the panel's conclusions.

The only remaining issue before us is the appropriate discipline for respondent's violations. The hearing panel recommended that he be suspended for an indefinite period of time. At the hearing before this court, at which the respondent appeared, the Disciplinary Administrator recommended the respondent be indefinitely suspended. The respondent's attorney requested that any suspension be made retroactive to September 2014, when respondent "voluntarily suspended himself from practice."

In our calculus of discipline, we note the respondent's suspension of October 9, 2009. In the court's published opinion of that date, we granted respondent the possibility of reducing his 3-year suspension.

"[I]f the respondent submits a motion to this court after the first year of his suspension has passed requesting reinstatement of his probationary plan, we would entertain that motion subject to the following conditions:

"Before submitting any motion to this court, the respondent must present to the Disciplinary Administrator a plan of probation addressing his then-present circumstances as well as a proposed plan of practice as a Kansas attorney, addressing those factors addressed in his original probationary plan that remain applicable, including evidence of ongoing treatment for depression along with a current assessment of that condition from a clinician. If the Disciplinary Administrator approves the probationary plan submitted by the respondent, that approval shall be attached to the respondent's motion to suspend his remaining 2 years of his suspension. If his probationary plan is not approved by the Disciplinary Administrator, the respondent may file his motion without such approval.

"This court will then consider the respondent's motion to suspend the balance of his 2-year suspension. If the court approves the probation plan, the court will suspend the

11

remaining 2 years of the respondent's suspension and place the respondent on probation for a period of 2 years subject to conditions contained in such order. If the court denies the respondent's motion, the respondent shall complete the term of his 3-year suspension from practicing law in the state of Kansas." *In re Cline*, 289 Kan. 834, 849, 217 P.3d 455 (2009).

Respondent presented the required information to the Disciplinary Administrator and on June 10, 2011, filed his motion to suspend the remaining 2 years of his suspension. Among other things, his detailed motion provided evidence of ongoing treatment with his therapist, along with a current assessment of his condition, and announced the Disciplinary Administrator's approval of the respondent's probation plan. The motion was granted by order dated June 22, 2011.

We acknowledge the compliance effort the respondent made at that time, which included an affidavit in which he swore: "I believe I am fully capable of practicing law without repeating the mistakes of my past." We must also acknowledge, however, that respondent currently appears before us on a complaint very similar to the ones leading to his 2009 suspension. Accordingly, we adopt the Disciplinary Administrator's recommended sanction of indefinite suspension.

CONCLUSION AND DISCIPLINE

IT IS THEREFORE ORDERED that James A. Cline be and is hereby disciplined by indefinite suspension from the practice of law in the state of Kansas effective on the filing of this opinion in accordance with Supreme Court Rule 203(a)(2) (2014 Kan. Ct. R. Annot. 306).

IT IS FURTHER ORDERED that respondent comply with Supreme Court Rule 218 (2014 Kan. Ct. R. Annot. 414), and in the event he seeks reinstatement, he must undergo

12

a hearing and otherwise comply with Supreme Court Rule 219 (2014 Kan. Ct. R. Annot. 415).

IT IS FURTHER ORDERED that the costs of these proceedings be assessed to the respondent and that this opinion be published in the official Kansas Reports.

BILES, J., not participating.

ARNOLD-BURGER, J., assigned.[1]

---

[1]**REPORTER'S NOTE:** Judge Arnold-Burger, of the Kansas Court of Appeals, was appointed to hear case No. 113,191 vice Justice Biles under the authority vested in the Supreme Court by K.S.A. 20-3002(c).